IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Mark E.
SEIFERT, Attorney at Law.

Supreme Court

*No. 89-0011-D. Filed May 25, 1989.*

(Also reported in 439 N.W.2d 578.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license revoked.*

We review the report of the referee recommending that the license of Mark E. Seifert to practice law in Wisconsin be revoked for professional misconduct. That misconduct consisted of his failure to maintain a trust account for the deposit of client funds, failing to file a certificate stating the location of his client trust account and making a false statement to the Board of Attorneys Professional Responsibility (Board) concerning it, overdrawing his trust account when he maintained one, depositing client funds into his law office business account, charging a client fees and costs for work he did not perform, borrowing money from clients

on terms disadvantageous to the clients and without advising them to seek independent advice, obtaining funds from a client to make payments on her behalf but using those funds for other purposes, failing to account to a client for time spent on the client's matter and return the unused portion of the retainer received for his services, failing to perform legal services on a client's behalf and return the retainer he had received and failing to respond to inquiries of the Board in its investigation of these matters.

By that misconduct Attorney Seifert has clearly demonstrated his unfitness to be entrusted with the representation of others in our legal system. His misuse of client funds, the abuse of his professional position to obtain loans from clients and his failure to perform work on his clients' behalf demonstrate his lack of the fundamental honesty and trustworthiness essential to those who practice the legal profession. Accordingly, it is appropriate that we revoke the license to practice law we have granted him.

Attorney Seifert was admitted to practice law in Wisconsin in 1985 and practiced in Menasha. He has not previously been the subject of a disciplinary proceeding. The referee is the Honorable Timothy L. Vocke, Reserve Judge.

The Board's complaint requested the immediate temporary suspension of Attorney Seifert's license to practice law on the ground that his continued practice while this proceeding was pending would pose a threat to the interests of the public. We issued an order to show cause on the Board's motion for temporary suspension, but Attorney Seifert made no response. We then suspended his license pending disposition of this proceeding.

Because Attorney Seifert did not file an answer to the Board's complaint, did not attend a scheduling conference or respond to an order of the referee to show cause why he should not be held in default, the referee conducted this matter as a default and made the following findings of fact based on the allegations of the Board's complaint.

Following his admission to the bar, Attorney Seifert engaged in the private practice of law for more than seven months without having opened a client trust account. During that period, he deposited substantial sums belonging to clients into his law office business account. After he did open a trust account, he wrote a number of overdrafts on it, resulting in a negative balance of approximately $850. For two years Attorney Seifert failed to comply with the court's rule requiring attorneys to file a certificate concerning the location of their client trust account; a third year he completed the certificate stating he was changing banks and would notify the State Bar within seven days of the location of the new account, but he never provided further information. In June, 1988 he told the Board that he had moved his trust account to a certain bank but that bank reported that it had no record of any trust account ever having been maintained by him. Attorney Seifert did not respond to three inquiries of the Board into these trust account irregularities.

In 1987 Attorney Seifert agreed to represent a woman in a dispute. A written agreement provided for a total fee of $1500 for his services, which the client paid in full when the agreement was signed. Attorney Seifert subsequently filed an action on the client's behalf shortly before the statute of limitations on her claim would have run, but the defendants moved to dismiss on the ground of defective service of process. On the day scheduled for hearing, Attorney Seifert told his client

that he had performed approximately five hours of work on the matter and charged her an additional $3000 in fees and costs. He subsequently charged her an additional $1590 for deposition costs and expert witness fees, although no depositions had ever been conducted. The action was ultimately dismissed for Attorney Seifert's failure to obtain service on two of the defendants.

In April of 1988 Attorney Seifert borrowed $1300 from this client, giving her a promissory note providing for payment within 90 days of its date—the date set forth in the note was April 8, 1999. Attorney Seifert has not repaid that loan. Then in May, 1988 he borrowed an additional $1280 from that client but never executed a promissory note to evidence that loan. He has repaid only $700 of this amount.

Attorney Seifert did not respond to a letter from the Board concerning this client's grievance arising out of these matters; neither did he appear to answer questions under oath concerning the matter, as the Board had directed him to do.

In 1987 Attorney Seifert suggested to another client that she give him approximately $2900 which he would use to pay for repairs to the client's property. The client did so but Attorney Seifert did not use any of those funds to make those payments.

This client also retained Attorney Seifert to obtain custody of her granddaughter for her son. Attorney Seifert charged the client a fee of $2500 plus a $900 advance for expenses. Although the child whose custody was sought resided in Montana, Attorney Seifert commenced a custody action in circuit court in Wisconsin. That action was dismissed for lack of jurisdiction. Subsequently, Attorney Seifert failed to account to the client for the amount of time he spent on the matter and failed to return the unused portion of her retainer

and expense advance. In addition, Attorney Seifert borrowed money from this client and from her daughter and failed to repay those loans. Here again, Attorney Seifert failed to respond to Board requests for information concerning the client's grievance.

In August, 1987 Attorney Seifert borrowed $500 from a client and signed a promissory note agreeing to repay the principal with "reasonable interest" by a date certain. Attorney Seifert failed to repay the loan as promised; instead, he redrafted the promissory note to provide for installment payments of $75 per week. He failed to make those payments and the client was obliged to obtain other counsel to collect on the note. The loan was eventually repaid, but the client incurred attorney fees of $150 to effect that collection. Attorney Seifert failed to respond to the Board's inquiry into the source of funds he used for the loan repayment.

In September, 1987 a man retained Attorney Seifert to represent him in a worker's compensation claim, for which the client paid the total fee of $300. Attorney Seifert failed to perform any legal services for the client but did not return the fee he had collected. He also failed to respond to two letters from the Board inquiring into this client's grievance.

On the basis of these facts, the referee concluded as follows: Attorney Seifert's failure to maintain a client trust account and deposit client funds held in trust in such an account and his failure to file a trust account certificate violated SCR 11.05;[1] he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in three of the matters set forth above, in violation of SCR 20.04(4);[2] he entered into business transactions

---

[1]The corresponding rule of the Rules of Professional Conduct for Attorneys is SCR 20:1.15.

[2]The corresponding rule of the Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

with clients on terms that were not fair and reasonable to the clients without giving them a reasonable opportunity to seek advice of independent counsel and without their written consent to the transaction, in violation of SCR 20:1.8(a); he intentionally prejudiced or damaged the client during the course of a professional relationship in his loan transaction in which he redrafted the promissory note, in violation of SCR 20.35(1)(c);[3] he neglected the client's worker's compensation matter, in violation of SCR 20.32(3);[4] in each of the matters set forth above he failed to respond to Board inquiries in its investigation of alleged misconduct, in violation of SCR 22.07.

We adopt the referee's findings of fact and conclusions of law and accept the recommendation that Attorney Seifert's license to practice law be revoked as discipline for this misconduct.

IT IS ORDERED that the license of Mark E. Seifert to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Mark E. Seifert pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Mark E. Seifert comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

---

[3]The corresponding rule of the Rules of Professional Conduct for Attorneys is SCR 20:1.2(a).

[4]The corresponding rule of the Rules of Professional Conduct for Attorneys is SCR 20:1.3.